Opinion issued March 27, 2009










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00775-CV






LIZZIE LOVALL, Appellant


V.


THE UNIVERSITY OF HOUSTON, THE COLLEGE OF LIBERAL ARTS
AND SOCIAL SCIENCES, THE BOARD OF REGENTS, JOHN ANTEL
AND JAY GOGUE, Appellees






On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2006-29290






MEMORANDUM OPINION Appellant, Lizzie Lovall, has neither established indigence, nor paid all the
required fees. See Tex. R. App. P. 5 (requiring payment of fees in civil cases unless
indigent), 20.1 (listing requirements for establishing indigence); see also Tex. Gov't
Code Ann. §§ 51.207 (Vernon 2005), 51.208 (Vernon Supp. 2008); 51.941(a)
(Vernon 2005), 101.041 (Vernon Supp. 2008) (listing fees in court of appeals); Fees
Civ. Cases B(1), (3) (listing fees in court of appeals). 

The trial court sustained the district clerk's contest to her affidavit of indigence. 
See Tex. R. App. P. 20.1(a)(2) (if appellant's affidavit of indigence is contested, trial
court may sustain the contest by written order). Appellant then filed in this Court her
"First Amended Motion for Review of Trial Court's Order Sustaining District Clerk's
Contest to Affidavit of Inability." This Court requested the trial court record relative
to indigence. We then considered the record, appellant's motion, and appellee's
response brief. Lovall v. The University of Houston, (Tex. App.--Houston [1st Dist.]
January 27, 2009, order). 

In her motion, Lovall, in three issues, had contended that the trial court erred
in not making findings of fact and conclusions of law in support of its order
sustaining the district clerk's contest, concluding that Lovall had not "sufficiently
proved her indigence," and "granting more relief than that requested." We note first
that the trial court was not required to enter findings of fact and conclusions of law. 
Lovall had the burden of proof to establish the allegations in her indigency affidavit. 
Tex. R. App. P. 20.1(g). However, as conceded in her motion, Lovall did not present
any evidence in support of her allegations. Rather she relied upon her affidavit
exclusively, which the district clerk challenged as insufficient to establish indigency. 
Accordingly, fact findings would not be helpful to this Court and, thus, not
appropriate. Second, in its order sustaining the district clerk's contest, the trial court
held that Lovall had "not established that she is unable to pay the costs of appeal." 
Although Lovall claimed that evidence of her food stamps, social security income,
and Medicaid benefits "established prima facie proof of indigence," her affidavit of
indigence did not comply with Rule 20.1. See Tex. R. App. P. 20.1(a)(1), (b). 
Importantly, for example, although Lovall stated in her affidavit that she owns
property "claimed as homestead," she provided the trial court with no "complete
information" about this real property. See Tex. R. App. P. 20.1(a), (b) (requiring that
affidavit "contain complete information about . . . real and personal property the party
owns"). Finally, although Lovall complained that the trial court erred in "granting
more relief than that requested," the district clerk challenged Lovall's claim of
indigence by contesting her affidavit, and the trial court entered an order sustaining
the clerk's contest.

Accordingly, we affirmed the trial court's order sustaining the district clerk's
contest to appellant's affidavit of indigence, and we ordered appellant to pay the
appellate filing fee within 30 days of the date of the order on pain of dismissal of her
appeal. Id.; see also Arroyo, 988 S.W.2d at 739 ("The court of appeals should also
defer the payment of fees under Rule 5 until it determines whether payment is due.").
Thirty days from the date of the order have passed, but appellant has not paid the
$125 filing fee. 

Appellant has filed an "Amended Motion for Court to Issue its Opinion Giving
Rise to Its January 27, 2009 Order," "Amended Motion for Extension of Time to File
Motion For Rehearing," and "Amended Motion to Pay Fees Ordered on January 27,
2009." We deny these and any other pending motions. 

We dismiss the appeal for nonpayment of all required fees. 

PER CURIAM

Panel consists of Justices Jennings, Keyes, and Higley.